UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

1199 SEIU PENSION FUND, by George
Kennedy and Thomas R. Lostracco,

                      Plaintiffs,

v.

EASTERN NIAGARA HOSPITAL, INC., a/k/a
EASTERN NIAGARA HEALTH SYSTEM and
NEWFANE REHABILITATION & HEALTH
CARE CENTER a/k/a EASTERN NIAGARA
HEALTH SYSTEM,

                      Defendants.
_____

**DECISION AND ORDER**

13-CV-00323(S)(M)

        Before me is plaintiffs' motion to compel [23][1] and defendants' cross-motion for a protective order [24]. Oral argument was held on September 9, 2013 [26]. For the following reasons, plaintiffs' motion is granted, and defendants' cross-motion is denied.

**BACKGROUND**

        The relevant facts are discussed only to the extent necessary for consideration of this motion. Plaintiffs' First Request for Production of Documents pursuant to Fed. R. Civ. P. ("Rule") 34 ([23-1], pp. 27-34 of 41) was served on May 21, 2013. Kornfeld Affidavit [23-1], ¶12. Rule 34(b) states that "[t]he party to whom the request is directed must respond in writing within 30 days after being served". Therefore, defendants' written response was due on June 20, 2013.

---

    [1]    Bracketed references are to CM/ECF docket entries.

On June 28, 2013, plaintiffs' attorney Daniel Kornfeld e-mailed defendants' attorney Michael Hickey, asking whether defendants would "provide the written response and disclose the responsive documents on or before July 11, 2013 (that would be 21 days after they were originally due on June 20, 2013)?" [23-1], p. 35 of 41. Mr. Hickey responded by e-mail dated July 2, 2013, stating that "[w]e agree to a deadline of July 11, 2013 to serve responses to your discovery demands". Id.

On July 19, 2013, Mr. Kornfeld wrote to defendants' attorney James Schmit, noting that defendants had failed to respond to plaintiffs' document request, notwithstanding their agreement to do so by July 11, 2013. [24-2], pp. 125-26 of 128. According to Mr. Schmit, "[t]his came as a complete surprise to Defendants as it was Defendants' understanding that the auditors would soon retrieve the remaining records they needed to complete their audit, which had previously which had been previously made available to them before this lawsuit was commenced. Given the status of the case, it seemed entirely unnecessary and a complete waste of time and energy to prepare responses to Plaintiffs' discovery demands . . . . Consistent with that understanding, on July 19, 2013, I responded to Plaintiffs' letter, stating that '[w]e have not continued pretrial activities because we believed the lawsuit would be discontinued and do not wish to have our client incur unnecessary legal expenses'". Schmit Affidavit [24-1], ¶¶19-20.[2]

---

[2] Attached to Mr. Schmit's Affidavit is his July 19, 2013 e-mail to Mr. Kornfeld ([24-2], p. 128 of 128) discussing, in part, what occurred during a mediation session. However, since §5.10(A)(3) of this court's ADR plan states that "no communication made in connection with or during any mediation session may be disclosed or used for any purpose . . . in any pending or future proceeding in the Court", I will not consider what occurred during mediation.

Following an informal discovery conference with the court on August 7, 2013 [22], plaintiffs moved to compel compliance with their document request and production of defendants' initial disclosures pursuant to Rule 26(a)(1) [23]. Defendants oppose plaintiffs' motion, and have cross-moved for a protective order "shielding the names of all non-union employees and all information concerning management and executive employees from discovery". [24].

**ANALYSIS**

**A.      Plaintiffs' Document Request**

"It is basic that in order to refuse a discovery request, an objection and the basis therefore must be timely served in response to the request." Cliffstar Corp. v. Sunsweet Growers, Inc., 218 F.R.D. 65, 69 (W.D.N.Y. 2003) (Foschio,M.J.). It is undisputed that defendants failed to formally respond to plaintiffs' document request - either by the initial deadline of June 20, 2013, or by the adjourned deadline of July 11, 2013, to which they had agreed.

Defendants argue that they "declined to continue the discovery process based on a legitimate belief that the dispute between the parties was nearly concluded and, further, that this lawsuit should never have been commenced in the first place". Defendants' Memorandum of Law [24-4], p. 18. However, that alleged belief does not excuse their failure to timely and formally respond, since "[t]he possibility of settlement exists in virtually every civil case". Arnold v. Krause, Inc., 233 F.R.D. 126, 130 (W.D.N.Y. 2005) (Arcara, J.)

(refusing to excuse noncompliance with a discovery deadline based on counsel's belief that settlement was likely).

Having failed to formally respond to plaintiffs' document demand by July 11, 2013, defendants have waived any objections to that demand. *See* Land Ocean Logistics, Inc. v. Aqua Gulf Corp., 181 F.R.D. 229, 236 (W.D.N.Y. 1998) (Foschio, M.J.) ("a failure to respond or object to a discovery request in a timely manner waives any objection which may have been available"); Kenneth v. Nationwide Mutual Fire Insurance Co., 2007 WL 3533887, *16 (W.D.N.Y. 2007) (Foschio, M.J.) (same).

**B.      Defendants' Initial Disclosures**

Paragraph 2 of my Case Management Order [18] states that "compliance with the mandatory disclosure requirements found in Rule 26(a)(1) will be accomplished by July 16, 2013". Although the motion papers do not discuss this matter in any detail, it appears from plaintiffs' request for relief ([23], p. 1 of 2) that defendants' initial disclosures have not yet been served.

**CONCLUSION**

For these reasons, plaintiffs' motion to compel [23] is granted, and defendants' cross-motion for a protective order [24] is denied. On or before September 30, 2013 defendants shall respond in writing to plaintiffs' First Request for Production of Documents

and provide unredacted copies of all documents responsive to that Request,[3] as well as their initial disclosures pursuant to Rule 26(a)(1).

**SO ORDERED**.

Dated: September 10, 2013

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

---

[3] Defendants may identify those documents which have already been produced, without having to produce them a second time.