UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

1199 SEIU PENSION FUND, by George
Kennedy and Thomas R. Lostracco,                           **DECISION AND ORDER**

                Plaintiffs,            13-CV-00323(S)(M)

v.

EASTERN NIAGARA HOSPITAL, INC., a/k/a
EASTERN NIAGARA HEALTH SYSTEM and
NEWFANE REHABILITATION & HEALTH
CARE CENTER a/k/a EASTERN NIAGARA
HEALTH SYSTEM,

                Defendants.
_____

        Before me is defendants' motion [29] (which it seeks to file under seal [28][1]) for reconsideration of my September 10, 2013 Decision and Order [27], and for a stay of enforcement of that Decision and Order pending determination of the motion for reconsideration. Familiarity with the prior proceedings is presumed, and I do not consider opposing papers to be necessary. For the following reasons, the request for filing under seal is granted in part and denied in part, the motion for reconsideration is denied, and the motion for a stay is denied.

## ANALYSIS

**A.    Should Any Portion of the Motion be Sealed?**

        Defendants seek to file their entire motion for reconsideration under seal, since it includes a discussion of what occurred during the mediation on July 9, 2013. However, "[c]ourts should allow only those portions of the documents which are truly confidential to be filed under

---

[1]    Bracketed references are to CM/ECF docket entries.

seal, since it is well settled that the public has a common-law right of access to judicial records. The presumption of access is at its strongest when the document in question, as here, has been submitted as a basis for judicial decision making". Cornelius v. Independent Health Association, Inc., 912 F.Supp.2d 26, 29 (W.D.N.Y. 2012) (McCarthy, M.J./Arcara, J.).

Therefore, the motion for reconsideration will be sealed to the extent that it discloses what allegedly occurred during the mediation, so that the record will be complete for any potential review of this Decision and Order.[2] However, for the following reasons I refuse to consider that disclosure.

**B.    Have Defendants Shown a Basis for Reconsideration?**

"The decision whether to grant or deny a motion to reconsider lies in this Court's discretion . . . . Motions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised before the decision", or "to give an unhappy litigant one additional chance to sway the judge." United States v. Kasper, 2012 WL 2573259, *1 (W.D.N.Y. 2012) (Skretny, J.). Therefore, "reconsideration will be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id.

In their earlier submissions, defendants disclosed a portion of what had allegedly occurred during the July 9 mediation ([24-2], p. 128 of 128), and I ruled that "since §5.10(A)(3)

---

[2]    The unredacted version of the motion [30, 31] is filed under seal, and the redacted version [32, 33] is not.

of this court's ADR [Alternative Dispute Resolution] Plan states that 'no communication made in connection with or during any mediation session may be disclosed or used for any purpose . . . in any pending or future proceeding in the Court', I will not consider what occurred during mediation". September 10, 2013 Decision and Order [27], p. 2, n. 2. Defendants ask me to revisit that decision, arguing that "nearly every confidentiality rule has exceptions". Defendants' Redacted Memorandum of Law [33], p. 10.

  Defendants are correct: §5.10(A)(4) of this court's ADR Plan lists several exceptions to the confidentiality requirement. However, none of those exceptions are applicable here. While defendants argue that <u>Cornelius</u> "supports [their] position that this Court should consider the statements made during mediation" (<u>id.</u>, p. 12), that case involved motions "to enforce a settlement agreement allegedly reached" during mediation, and for "sanctions for alleged violations of the Plan" (912 F. Supp.2d at 28) - both of which are expressly excluded from the ADR Plan's confidentiality obligation. *See* §§2.3(A), 5.10(A)(4)(d).

  Defendants further argue that they "will be exposed to extreme unfairness if the confidential communication is not considered by the Court. Namely, Defendants will be deemed to have waived objections to Plaintiff's discovery requests because Defendants are unable to show their compelling reason for not responding in a timely fashion". Defendants' Redacted Memorandum of Law [33], p. 14. I see no unfairness in holding defendants to the provisions of the ADR Plan, the contents of which they knew (or should have known), as the Plan is readily accessible on this court's website.

  If a settlement had been actually reached during the mediation on July 9, 2013, §5.10(A)(4)(d) of the Plan would allow defendants to disclose details of the mediation (if

necessary) in order to enforce that settlement.  However, the mediator's Certification [19], docketed on the day before defendants' discovery responses were due, stated: "Case has not settled. Mediation will continue on July 23, 2013".

In view of that certification, I am unpersuaded by defendants' assertion that they were "justified in not responding to Plaintiff's discovery requests because they were under the impression that Plaintiffs would be discontinuing this action" (defendants' Redacted Memorandum of Law [33], p. 2).  Defendants were on notice that unless and until the case *actually* settled, their litigation obligations were not excused by the mediation. *See* ADR Plan, §4.1(c) ("The referral of a case to ADR does not delay or defer other dates established in the Scheduling Order and has no effect on the scheduled progress of the case toward trial").

## CONCLUSION

"[B]ecause of the importance of the existence and perception of mutual fairness, confidentiality in mediation and settlement negotiations is critical." United States v. Erie County, New York, 2013 WL 4679070, *12 (W.D.N.Y. 2013) (Skretny, J.).  "Promising participants confidentiality in these proceedings promotes the free flow of information that may result in the settlement of a dispute . . . and protect[s] the integrity of alternative dispute resolution generally." In re Teligent, Inc., 640 F.3d 53, 57-58 (2d Cir. 2011).

Defendants have failed to show a basis for me to consider the confidential mediation communications.  They have further admitted that "if the confidential communication is not considered by the Court . . . Defendants will be deemed to have waived objections to Plaintiff's discovery requests".  Defendants' Redacted Memorandum of Law [33], p. 14.

Therefore, while defendants' motion to seal [28] is granted in part and denied in part, their motion for reconsideration of my September 20, 2013 Decision and Order (and for a stay of its effective date) [29] is denied.[3]

**SO ORDERED.**

Dated: October 4, 2013

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

---

[3] Defendants' motion for reconsideration raises additional arguments, such as that a minimal delay in objecting to plaintiff's discovery demands should be excused. Defendants' Redacted Memorandum of Law [33], p. 15. Since these arguments were not previously raised, they furnish no basis for reconsideration. Kasper, *1.